IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Deborah M. Hutto, | ) | C/A No. 1:19-cv-03463-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Regional Management Corp. d/b/a/ | ) | |
| Regional Finance, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff Deborah M. Hutto's ("Plaintiff") Motion to Amend Complaint and Defendant Regional Management Corp. d/b/a Regional Finance's ("Defendant") Motion to Dismiss and Compel Arbitration. [ECF Nos. 34, 26.] For the reasons set forth below, the court grants Plaintiff's motion to amend and dismisses the action without prejudice.

**BACKGROUND AND PROCEDURAL HISTORY**

On December 12, 2019, Plaintiff filed a complaint against Defendant alleging state-law claims for alleged violation of the South Carolina Consumer Protection Code, negligence, intentional and negligent infliction of emotional distress, alleged violation of the South Carolina Unfair Trade Practices Act, and a federal law cause of action pursuant to the Telephone Consumer Protection Act ("TCPA"). [ECF No. 1.] Plaintiff failed to timely serve Defendant with the summons and complaint, which resulted in Defendant filing a motion to dismiss for non-service and Plaintiff filing a motion for extension of time to complete service. [ECF Nos. 7, 13.] The court ordered Plaintiff to complete service of process by March 2, 2021. [ECF No. 22.]

1

Following service, Defendant filed a motion to dismiss and compel arbitration. [ECF No. 26.] In response to the motion, Plaintiff attempted[1] to voluntarily dismiss the TCPA claim, *see* ECF No. 31, and then filed the motion to amend that is presently before the court. [ECF No. 34.] Defendant's motion to dismiss and compel arbitration is fully briefed and ripe for resolution by the court. [ECF Nos. 38, 39.] To date, Defendant has not filed an opposition to Plaintiff's motion to amend the complaint; thus, the motion is unopposed, and the court will consider it first.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and leave should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has emphasized that the "mandate" to freely give leave is one "to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile," leave to amend may be denied. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). "For a motion to amend to be denied for futility, the amendment must be 'clearly insufficient or frivolous on its face.'" *Cherochak v. Unum Life Ins. Co. of Am.*, 586 F. Supp. 2d 522, 526 (D.S.C. 2008) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510–11 (4th Cir. 1986)).

## DISCUSSION

The pending motion is Plaintiff's second attempt to remove the federal statutory cause of action from her complaint. As this court noted in April, "[b]ecause Rule 41 provides for the dismissal of *actions*, rather than *claims*, Rule 15 is technically the proper vehicle to accomplish a partial

---

[1] By text order dated April 14, 2021, the court acknowledged that the voluntary dismissal was not the proper vehicle for dismissal of an individual claim. [ECF No. 33.]

2

dismissal." *Skinner v. First Am. Bank of Va.*, 64 F.3d 659, at *2 (4th Cir. 1995) (table opinion). The motion to amend presently before the court was filed pursuant to Rule 15, FRCP. [ECF No. 34.] Therein, Plaintiff seeks to remove the claim for alleged violation of the TCPA and revise the jurisdictional allegations to reflect that she is no longer pursuing a federal claim. *Id.* at p.1.

Defendant's deadline to oppose the proposed amendment was April 28, 2021. To date, no response in opposition has been filed. Thus, the court is left without any arguments or evidence to suggest that the proposed amendment would be prejudicial to Defendant, that it was filed in bad faith, or that it is futile. *Laber*, 438 F.3d at 426. The lack of opposition combined with the Rule's mandate that this court give leave "freely" persuades the undersigned to grant Plaintiff's motion. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004) ("Motions to amend are typically granted in the absence of an improper motive[.]"). Granting the unopposed motion does not end the analysis, however.

Because Plaintiff's amendment removes the only stated basis for federal jurisdiction,[2] the court must consider whether it can continue to exercise jurisdiction in this case. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) ("A federal court has an independent obligation to assess its subject-matter jurisdiction[.]").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Further, supplemental

---

[2] Plaintiff specifically seeks to amend the jurisdictional allegations to remove any reference to federal-question jurisdiction. Moreover, there is no suggestion—from the original complaint or the proposed amendment—that diversity jurisdiction exists in this case.

3

jurisdiction over state-law claims depends on the existence of subject matter jurisdiction over the other claims in the action. *See* 28 U.S.C. § 1367(a) (requiring a "civil action of which the district courts have original jurisdiction").

As a result of the amendment, only state-law claims will remain in this action. The amended complaint will serve as the operative pleading, rendering the original complaint a nullity. *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) ("[A]n amended pleading supersedes the original pleading, rendering the original pleading of no effect."). In such cases (*i.e.*, those where a plaintiff files the case in federal court and an amendment removes all federal claims), courts and commentators agree that a district court must dismiss the complaint. *See, e.g.,* 13D Richard D. Freer, *Federal Practice and Procedure* § 3567.3 (3d ed. Apr. 2021 Update) ("The situation in which a court dismisses all claims over which it had an independent basis of federal subject matter jurisdiction and then faces the question whether to retain state-law claims under § 3567(c)(3) must be distinguished from one in which the complaint is formally amended to delete the jurisdiction-conferring claim. In that instance, the amended complaint supersedes the original complaint, and the case should be treated as though the plaintiff has pleaded no basis of federal jurisdiction."); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) ("[B]ecause the burden is on the plaintiff to establish jurisdiction in the first instance, we conclude that the plaintiff must be held to the jurisdictional consequences of a voluntary abandonment of claims that would otherwise provide federal jurisdiction."); *Deering v. Graham*, No. 14-3435, 2016 WL 1700532, at *2 (D.N.J. Apr. 28, 2016) (same); *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243–44 (11th Cir. 2007) (same). *See also Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 473–74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.").

In sum, because this is an action that was originally filed by Plaintiff in federal court and was then amended to remove the only federal claim, "[t]he jurisdictional problem that exists [] is that Plaintiff [will have] a controlling complaint which alleges only state [] causes of action." *Deering*, 2016 WL 1700532, at *3. After the amendment, there are no federal claims to which supplemental jurisdiction could attach and support jurisdiction over the state-law claims. And without a basis for jurisdiction over the remaining state-law claims, the court must dismiss the action.

## CONCLUSION

For the reasons outlined herein, Plaintiff Deborah M. Hutto's Motion to Amend Complaint, ECF No. 34, is **GRANTED as unopposed**. Plaintiff has until **November 12, 2021** to file the Amended Complaint that removes the TCPA claim, Compl. at ¶¶ 80–86, and the stated basis for federal jurisdiction, *id.* at ¶ 5. Following the filing of the Amended Complaint, this court will be without subject-matter jurisdiction. A separate order dismissing the case without prejudice will follow the filing of the Amended Complaint.

As a result of these rulings, Defendant Regional Management Corp. d/b/a Regional Finance's ("Defendant") Motion to Dismiss and Compel Arbitration, ECF No. 26, is **MOOT**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

November 9, 2021
Florence, South Carolina

5